a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSE MANUEL URENA, Petitioner | CIVIL ACTION NO. 1:19-CV-312-P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Jose Manuel Urena ("Urena") (#44455-054). At the time of filing, Urena was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Urena challenges the calculation of his sentence by the BOP. (Doc. 1).

Because Urena has been released from custody on supervision, his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I. Background

Urena was convicted of conspiracy to distribute cocaine, cocaine base, and heroin. United States v. Urena, 99-cr-73, 2012 WL 3839385 (S.D.N.Y. Sept. 5, 2012). Urena was sentenced to a 270-month term of imprisonment and ten years of supervised release. (1:99-cr-0073, S.D. N.Y.; Doc. 168).

Urena argues that he is entitled to a release from custody under the First Step Act of 2018.

Case 1:19-cv-00312-DDD-JPM   Document 7   Filed 05/24/19   Page 2 of 4 PageID #: 188

## II. Law and Analysis

According to the BOP Inmate Locator Service, Urena was released from custody on May 15, 2019.[1] Although an action "is not moot simply because a § 2241 petitioner is no longer in custody," it is rendered moot "when the court cannot grant the relief requested by the moving party." Salgado v. Fed. Bureau of Prisons, 220 F. App'x 256, 257 (5th Cir. 2007) (citing Brown v. Resor, 407 F.2d 281, 283 (5th Cir. 1969) and Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987)). Potential mootness is a jurisdictional question because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. Bailey, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." Adair v. Dretke, 150 F. App'x 329, 331 (5th Cir. 2005) (citation omitted).

In this case, Urena seeks additional good time credit. However, Urena has been released. Because he was ordered to serve a period of supervised release following his incarceration, Urena's release from BOP custody alone does not make this action moot. Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (the possibility that a district court may alter a period of supervised release—"if it determines that [the defendant] has served excess prison time"—may keep a § 2241 petition from becoming moot). The determination of whether a petitioner has served excess prison time, however, is made by the sentencing court pursuant to 18 U.S.C. § 3583. See 18 U.S.C. § 3583(e)(2); see also 18 U.S.C. § 3605 (authorizing a court to

---

[1] https://www.bop.gov/inmateloc/

2

exercise jurisdiction over a person on supervised release if such jurisdiction has been transferred by the sentencing court).

Urena was sentenced by the United States District Court for the Southern District of New York, and jurisdiction has not been transferred to this Court. Therefore, this Court is without jurisdiction to decide whether Urena has served excess prison time. See Barron v. Carvajal, 5:11-CV-140, 2014 WL 2985321 (E.D. Tex. July 2, 2014); Daniels v. Fox, 1:10-cv-23, 2011 WL 573418 (E.D. Tex. Jan. 6, 2011), report and recommendation adopted, 2011 WL 573417 (E.D. Tex. Feb. 15, 2011). "Because federal courts may only hear cases or controversies under Article III, it is unconstitutional for the court to issue mere advisory opinions." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 368 n. 5 (5th Cir. 1995).

### III. Conclusion

Because this Court cannot grant the relief requested by Urena due to his release, IT IS RECOMMENDED that Urena's Petition (Doc. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of Urena's claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned

is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 24th day of May, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge